In the Matter of GERSHON WISOTSKY, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Kings County, December 3, 1951.

*Robert H. Schaffer* for respondent.

*Charles S. Lubin* for petitioner.

Di Giovanna, J. Motion for leave to reargue is granted and, upon reargument, the court adheres to its original determination.

The court has carefully studied the entire record herein and the contrary decision brought to its attention.

The subject premises involved herein consist of a two-story building, the lower portion of which is used for business purposes by the petitioner and the upper portion consists of an apartment. The petitioner, a recent purchaser of the premises, sought the use of the apartment for reasons set forth in the original moving papers and in the record produced by the respondent. The court determined that the respondent had erred in its determination because it made a finding in the

"examiner's findings and comments" on the progress sheet of examiner on May 28, 1951: "Section 55 no immediate necessity" and in its "order denying application or terminating proceeding" dated May 28, 1951, it made its finding "Landlord has failed to establish the existence of an immediate and compelling necessity for occupancy of the subject accommodations as required by Rent and Eviction Regulations" and in the order and opinion denying protest dated August 28, 1951, the State Rent Administrator found: "That the landlord has failed to establish an immediate and compelling necessity and good faith to recover possession of the subject accommodation for self-occupancy. The Administrator finds that the present housing accommodation of the landlord is adequate and, therefore, he has no immediate and compelling necessity."

The court will hereinafter discuss the inconsistency between the examiner's findings and the State Rent Administrator's findings as is apparent above.

The court is of the opinion that the exception set forth in section 55 of the State Rent and Eviction Regulations [copied almost verbatim from paragraph (a) of subdivision 2 of section 5 of the State Residential Rent Law (L. 1951, ch. 443)] — "Provided, however, that where housing accommodations are located in a one- or two-family house, and the landlord seeks to recover possession for his own personal use, an immediate and compelling necessity need not be established" — applies to this situation.

The respondent complains that the court erred in applying that exception because subdivision 1 of section 55, above set forth, was never intended to apply to houses containing a business. The fact that there have been other decisions contrary to this is not controlling in this instance. Attention of the court is called to the recommendations of the commission in its rent control plan submitted to the Legislature prior to the enactment of the exception above set forth, wherein it is stated: "The Commission recommends that the obstacles to owner occupancy of one- and two-family homes be relaxed. * * * One- and two-family houses are rarely bought as primarily income-yielding investments. There is a sound and desirable tradition of home ownership in this State. * * * The right of an owner to live in a house which he owns is something which ought not lightly be denied him. The denial of this right is also an impediment to home buying."

It is significant that the language of subdivision 1 of section 55 made no line of demarcation between a one- or two-family house located in a one- or two-family building or a one- or two-family house located in a building wherein a business was conducted in a separate and distinct unit thereof. The control of the respondent over dwellings in buildings which contain a separate dwelling unit and a separate business unit stems from the statutory definition set forth in subdivision 2 of section 2 of the State Rent and Eviction Regulations: " ' Housing accommodation.' Any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied by one or more individuals as a residence, home ''.

It is clear that there is nothing in the regulations which prohibits the respondent from treating the present occupancy as a one-family unit merely because a business was conducted in a separate part thereof. The court takes judicial notice of the fact that there are many such units located throughout the city. The respondent has complained that to allow the petitioner to occupy the apartment would be based upon convenience rather than compelling necessity. It is respectfully pointed out that all purchasers of one- or two-family houses buy such houses for the purpose of conveniently locating themselves therein; otherwise, they would not buy it. It seems to the court that a purchaser of a combined dwelling and business unit buys that for the same reason. There is nothing in the regulations which prohibits a landlord from obtaining possession merely because he finds it convenient. That is not a matter for the respondent's consideration. It is only called upon at its proper time to consider whether the application is made in good faith and whether compelling necessity is shown. If compelling necessity is not required with respect to a one-family house standing in and of itself, then it should not be required of a one-family house combined with a business unit. There is no indication that the Legislature intended to place such a limitation upon the exclusion created by subdivision 1 of section 55. It is just as convenient for the purchaser of such a unit to live in those premises as it is for a purchaser of a one-family house as contained in a building.

Referring back to the recommendations above set forth, the purchaser of such a unit likewise is not buying the one-family portion thereof as an income-producing property, but as a matter of convenience to himself and his family, and " The right of an owner to live in a house which he owns is something which ought not lightly be denied him."

At common law, an owner had a right to possession of his property. The regulations in question are in derogation of common law and, as such, must be strictly construed. The failure of the Legislature to exclude from the term " one- or two-family houses " such units as contained a business and a one- or two-family apartment, prevents an administrative body from adding to the statute. The respondent, as an administrative body, had no power to set up a different rule with respect to this type of structure within the meaning of subdivision 1 of section 55. The failure of the Legislature to include a specific exclusion of such a unit is consistent with the theory that it did not intend to include such an exclusion.

In all of the reported decisions brought to the attention of this court the petitioner himself conducted the business in that portion of the premises devoted exclusively to business purposes. In the housing shortage which has existed for a long period of time there are doubtless many instances in which purchasers of property of this nature have no intention of conducting business therein but bought property of this kind for the sole purpose of obtaining apartments. Hypothetically then, does the respondent contend that in such an instance the purchase of the property would prevent the purchaser from taking advantage of subdivision 1 of section 55? Obviously, again, the failure of the Legislature to exclude this type of property from the amended section indicates either that the matter was not brought squarely to its attention or that it had no intention of making any distinction between properties of that nature and of one-family houses contained in a building specially built for that purpose only.

Referring back to the decisions of the commission, the respondent contends on page 6 of its moving affidavit in this application for reargument " It may be noted that the Commission in this case never made a finding on the question of good faith." It is clear that the application before the commission raised two important issues, namely, good faith and compelling necessity. The respondent in terminating its proceedings on May 28, 1951, and subsequently by the order denying the protest, terminated the proceedings for all purposes. It was without power thereafter to make any additional findings (State Rent and Eviction Regulations, § 104). Its failure to make any finding adverse to the petitioner on this question is sufficient to raise a presumption that it found in favor of the petitioner on the question. A review of the facts shows clearly

that the petitioner did act in good faith and any evidence to the contrary is wholly hearsay. The statement in the affidavit above set forth clearly indicates the arbitrary and capricious nature of the finding in the order denying protest wherein the State Rent Administrator has declared for the first time in the proceeding that the petitioner had failed to show good faith and compelling necessity. It is obvious from the record itself that the examiner either did not deem this matter important enough to pass upon or deemed it so far beyond question that the finding of the State Rent Administrator is wholly without factual basis; otherwise the inclusion of the aforesaid paragraph in the moving affidavit is meaningless. To rule otherwise would permit an administrative body to carry a matter for an indefinite period to the prejudice of all of the parties interested. Not having raised this issue until this motion for reargument, the court is of the opinion that the termination of the proceedings settled this question in good faith in favor of the petitioner and should not at this late date permit the reopening of that question.

In view of the contrary decisions, the court feels that this matter should be passed upon by an appellate court within a reasonably short time.

Submit order.